IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMAND FLOREZ,<br>　　　　Plaintiff,<br>　v.<br>ARNOLD SCHWARZENEGGER, et al.,<br>　　　　Defendants. | No. C 07-05763 TEH (PR)<br>ORDER OF SERVICE<br><br>(Docket No. 10) |

Plaintiff filed the above titled civil rights action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights by prison officials at Salinas Valley State Prison ("SVSP"). Since filing the instant complaint, Plaintiff has been released on parole. Plaintiff seeks to proceed in forma pauperis (Docket No. 10).

**DISCUSSION**

A.   Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed, however. Balistreri v. Pacifica Police

1  Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

2  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1)
that a right secured by the Constitution or laws of the United States was violated, and
(2) that the alleged violation was committed by a person acting under the color of state
law. West v. Atkins, 487 U.S. 42, 48 (1988).

B. Legal Claims

In a lengthy fifty-page complaint and even lengthier exhibit, plaintiff alleges various acts by prison officials which violated his constitutional rights, including but not limited to: 1) First Amendment right to freedom of speech and religion; 2) Sixth Amendment right to legal counsel; 3) Eighth Amendment right against cruel and unusual punishment; and 4) Fourteenth Amendment right to due process and equal protections. (Pet. at 20.) Plaintiff further alleges that prison officials violated his rights under the Civil Rights of Institutional Person Act, 42 U.S.C. § 1997, and the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. § 2000. Id. In sum, plaintiff alleges that prison officials and staff employees have "arbitrarily retaliated against plaintiff for exercising activities protected by the U.S. Constitution as well as statues and inter alia..." Id. Liberally construed, these claims appear cognizable under § 1983.

C. Defendants Arnold Schwarzenegger and James E. Tilton

To state a claim under § 1983, a plaintiff must set forth specific facts as to each individual defendant's conduct that proximately caused a violation of his rights. Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988). Plaintiff has not set forth any factual allegations as to defendants Governor Arnold Schwarzenegger's and Director James E. Tilton's conduct which proximately caused him injury. Naming these defendants on the apparent theory that they are responsible for the actions and omissions of employees and subordinates under their authority within the California Department of Corrections

2

1  will not relieve plaintiff of his obligation to plead his claims with specificity.  It is well
2  settled that there is no respondeat superior liability under § 1983.  See Taylor v. List,
3  880 F.2d 1040, 1045 (9th Cir. 1989) (holding liability may not be based solely on fact
4  defendant is generally responsible for actions or omissions of another).

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. Plaintiff's motion to proceed in forma pauperis (Docket No. 10) is GRANTED.  No initial filing fee is due.

2. All claims against Defendants Arnold Schwarzenegger and James E. Tilton are DISMISSED from this action.

3. With regard to Plaintiff's complaint against John and James Does 1 through 50, Plaintiff has not alleged any conduct on the part of such Defendants and, as such, the complaint fails to state a claim.  Although the use of "John Doe" to identify a defendant is not favored in the Ninth Circuit, see Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980); Wiltsie v. Cal. Dep't of Corrections, 406 F.2d 515, 518 (9th Cir. 1968), situations may arise where the identity of alleged defendants cannot be known prior to the filing of a complaint.  In such circumstances, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover their identities or that the complaint should be dismissed on other grounds.  See Gillespie, 629 F.2d at 642; Velasquez v. Senko, 643 F. Supp. 1172, 1180 (N.D. Cal. 1986 ).  However, where, as here, Plaintiff has not alleged any conduct on the part of such Defendants, but has merely named them on the title page of his complaint, they will be DISMISSED as Defendants.

4. The Clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of the complaint in this matter, all attachments

3

1 thereto, and copies of this order on the remaining defendants at the Salinas Valley State
2 Prison.  The clerk shall also <u>mail courtesy copies</u> of the complaint and this order to the
3 California Attorney General's Office. The Clerk also shall serve a copy of this order on
4 Plaintiff.

5    5. No later than **sixty (60) days** from the date of this order, Defendants shall
6 file a motion for summary judgment or other dispositive motion with respect to the
7 claims found to be cognizable above.

8     a. If defendants elect to file a motion to dismiss on the grounds
9 plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C.
10 § 1997e(a), defendants <u>shall</u> do so in an unenumerated Rule 12(b) motion pursuant to
11 <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119-20 (9th Cir. 2003), <u>cert.</u> denied <u>Alameida v.</u>
12 <u>Terhune</u>, 540 U.S. 810 (2003).

13     b. Any motion for summary judgment shall be supported by adequate
14 factual documentation and shall conform in all respects to Rule 56 of the Federal Rules
15 of Civil Procedure.  **<u>Defendants are advised that summary judgment cannot be</u>**
16 **<u>granted, nor qualified immunity found, if material facts are in dispute.  If any</u>**
17 **<u>Defendant is of the opinion that this case cannot be resolved by summary</u>**
18 **<u>judgment, he shall so inform the Court prior to the date the summary judgment</u>**
19 **<u>motion is due.</u>**

20    6. Plaintiff's opposition to the dispositive motion shall be filed with the
21 Court and served on Defendants no later than **thirty (30) days** from the date
22 Defendants' motion is filed.

23     a. In the event the defendants file an unenumerated motion to dismiss
24 under Rule 12(b), Plaintiff is hereby cautioned as follows:[1]

---

26   [1] The following notice is adapted from the summary judgment notice to be given to
27 <u>pro</u> <u>se</u> prisoners as set forth in <u>Rand v. Rowland</u>, 154 F.3d 952, 963 (9th Cir. 1998) (en

28               4

|   |   |
|---|---|
| 1 | The defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies. The motion will, if granted, result in the dismissal of your case. When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the defendant's declarations and documents and show that you have in fact exhausted your claims. If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed. |

b.  In the event defendants file a motion for summary judgment, the Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendants' motion for

---

banc). See Wyatt v. Terhune, 315 F.3d at 1120 n.14.

summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

7. Defendants shall file a reply brief no later than **fifteen (15) days** after plaintiff's opposition is filed.

8. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

9. All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

10. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

11. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court and all parties informed of any change of address by filing a separate document titled "Notice of Change of Address" and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action under Federal Rule of Civil Procedure 41(b).

12. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

SO ORDERED.

DATED:   4/28/2008

THELTON E. HENDERSON
United States District Judge