1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DAVID S. CHANEY
   Chief Assistant Attorney General
3  FRANCES T. GRUNDER
   Senior Assistant Attorney General
4  JONATHAN L. WOLFF
   Supervising Deputy Attorney General
5  MICHAEL J. QUINN, State Bar No. 209542
   Deputy Attorney General
6   455 Golden Gate Avenue, Suite 11000
    San Francisco, CA  94102-7004
7   Telephone:  (415) 703-5726
    Fax:  (415) 703-5843
8   Email:  Michael.Quinn@doj.ca.gov

9  Attorneys for Defendants Morrison, Grannis, Gilmore,
   Mojica, Bender, Del Villar, Neotti, Hatton, Mantel,
10 Thomas, Moore, Lewis, Jansen, Kessler, Santos,
   Medina, Galloway, Kuzmicz, Hughes, Clark, Parin,
11 Johnson, Evans, Best, Jones, Lopez, Torrez, Esser,
   Boucher, Boccella, Variz, Rankin, Williams, Teat and
12 Hogan

13

14                IN THE UNITED STATES DISTRICT COURT

15              FOR THE NORTHERN DISTRICT OF CALIFORNIA

16                     SAN FRANCISCO DIVISION

17

18  **ARMAND FLOREZ,**                        C 07-5763 THE

19                           Plaintiff,       **DEFENDANTS' NOTICE OF
                                              MOTION AND MOTION TO
20         v.                                 DISMISS; SUPPORTING
                                              MEMORANDUM OF POINTS
21  **ARNOLD SCHWARZENEGGER, et al.,**         AND AUTHORITIES**

22                           Defendants.

23     **TO PLAINTIFF ARMAND FLOREZ, IN PRO SE:**

24     **PLEASE TAKE NOTICE** that Defendants Morrison, Grannis, Gilmore, Mojica, Bender,

25  Del Villar, Neotti, Hatton, Mantel, Thomas, Moore, Lewis, Jansen, Kessler, Santos, Medina,

26  Galloway, Kuzmicz, Hughes, Clark, Parin, Johnson, Evans, Best, Jones, Lopez, Torrez, Esser,

27  Boucher, Boccella, Variz, Rankin, Williams, Teat and Hogan (Defendants) move this Court for

28  an order of dismissal in connection with Plaintiff's "Complaint Under the Civil Rights Act, 42

Defs.' Not. Mot. & Mot. Dismiss; Mem. P. & A.                    A. Florez v. A. Schwarzenegger, et al.
                                                                              C 07-5763 TEH

1   U.S.C. § 1983" under (1) Rule 8(a) of the Federal Rules of Civil Procedure (FRCP) on the

2   ground that Plaintiff failed to set forth a short and plain statement of the claim showing that he is

3   entitled to relief; (2) Rule 12(b)(6) of the FRCP on the ground that Plaintiff failed to state a claim

4   upon which relief can be granted; (3) Rule 18(a) of the FRCP on the ground that Plaintiff

5   improperly asserted unrelated claims against different Defendants; and (4) Rule 20(a) of the

6   FRCP on the ground that Plaintiff failed to allege that Defendants participated in the same

7   transaction or series of transactions or to allege that there is a question of fact that is common to

8   all Defendants.

9         This motion is based on this notice of motion, the supporting memorandum of points and

10   authorities, and the pleadings and records on file with the Court.

11                  **MEMORANDUM OF POINTS AND AUTHORITIES**

12                  **INTRODUCTION AND STATEMENT OF FACTS**

13         Plaintiff's Complaint sets forth numerous allegations against 38 individuals who have had

14   some role in his confinement.  (Compl. 6-8.)  As noted in this Court's April 28, 2008 Order of

15   Service, Plaintiff asserts that prison officials engaged in a variety of actions which violated his

16   civil rights, including but not limited to: (1) the First Amendment right to freedom of speech and

17   religion; (2) the Sixth Amendment right to legal counsel; (3) the Eighth Amendment right against

18   cruel and unusual punishment; and (4) the Fourteenth Amendment right to due process and equal

19   protections.  (Order of Service 2: 7-12.)  He further claims that prison officials violated his rights

20   under the Civil Rights of Institutionalized Persons Act, and the Religious Land Use and

21   Institutionalized Persons Act of 2000.  (*Id.* at 2:12-14.)

22         Because Plaintiff's multi-claim, multi-defendant Complaint does not comply with the

23   Federal Rules of Civil Procedure, it must be dismissed.  The sprawling Complaint runs afoul of

24   Rule 8(a) of the FRCP, which requires a plaintiff to set forth a short and plain statement of the

25   claim showing that he is entitled to relief.  It also fails to set forth a claim upon which relief can

26   be granted in violation of FRCP 12(b)(6).  Moreover, the assertion of unrelated claims against

27   / / /

28   / / /

Defs.' Not. Mot. & Mot. Dismiss; Mem. P. & A.        A. Florez v. A. Schwarzenegger, et al.
                                                           C 07-5763 TEH

1    multiple Defendants does not adhere to FRCP 18(a), while Plaintiff's failure to demonstrate that

2    Defendants participated in the same transaction or series of transactions, or to establish that a

3    question of fact is common to all Defendants, violates FRCP 20(a).

4        Stringing together a litany of unrelated claims, as Plaintiff has done in his Complaint, is not

5    permitted under the Federal Rules of Civil Procedure. *See Dobshinsky v. High Desert State*

6    *Prison Warden,* 2008 U.S. Dist. LEXIS 19071, *5 (E.D. Cal. 2008). Accordingly, the Complaint

7    must be dismissed.

8                                    **ARGUMENT**

9        **THE COMPLAINT IS SUBJECT TO DISMISSAL FOR FAILURE TO**
     **COMPLY WITH THE FEDERAL RULES OF CIVIL PROCEDURE.**
10

11   **A.    Plaintiff's Complaint Fails to Comply With FRCP 8 Because It Does Not Set Forth a**
     **Short and Plain Statement of the Claim.**
12

13       Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and

14   plain statement of the claim showing that the pleader is entitled to relief . . . ." Such a statement

15   must "give the defendant fair notice of what the . . . claim is and the grounds upon which it

16   rests." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007). A complaint that does not

17   comply with Rule 8 can be dismissed with prejudice under Rule 41(b). *Cellars v. Pacific Coast*

18   *Packaging, Inc.,* 189 F.R.D. 575, 578 (N.D. Cal. 1999).

19       In *Clinton v. Director of Corrections,* 2008 U.S. Dist. LEXIS 32210, *13 (C.D. Cal. 2008),

20   the plaintiff's third amended complaint, which was approximately 50 pages in length, alleged,

21   among other things, civil rights violations stemming from a prison rape, verbal harassment of

22   plaintiff by prison staff, the failure to protect his safety upon release on parole, and the failure to

23   adequately respond to and process his administrative appeals. *See id.* The court concluded that

24   because it was difficult to determine the specific claims that were being alleged against each

25   defendant, and the facts that supported each claim, the complaint failed to comply with the

26   requirements of Rule 8 and was subject to dismissal. *See id.*

27   / / /

28   / / /

1    A similar situation exists in this case. Plaintiff's Complaint, which is more than 50 pages in

2    length, alleges violations of the First, Sixth, Eighth, and Fourteenth Amendments to the U.S.

3    Constitution, the Civil Rights of Institutionalized Persons Act, the Religious Land Use and

4    Institutionalized Persons Act of 2000, and "numerous statutory violations and inter alia (sic)."

5    (Compl. 20:1-13.) The Complaint contains claims against 38 named defendants and asserts,

6    among other things, that he was assaulted by prison officials, exposed to "environmental toxic

7    chemical (sic)," and had legal papers and "work product materials" confiscated. (*Id.* 25:3-11.)

8    As with the Complaint in *Clinton*, it is impossible to determine the claims that Plaintiff is

9    asserting against each Defendant and the specific facts that support each claim. Accordingly,

10   because the Complaint fails to comply with Federal Rule of Civil Procedure 8, it should be

11   dismissed with prejudice.

12   **B.    Plaintiff's Complaint Fails to State a Claim Upon Which Relief Can Be Granted.**

13   A Rule 12(b)(6) motion tests the "legal sufficiency of the claim or claims stated in the

14   complaint." *Beliveau v. Caras*, 873 F. Supp. 1393, 1395 (C.D. Cal. 1995) (quoting Schwarzer,

15   Tashima and Wagstaffe, *California Practice Guide: Federal Civil Procedure Before Trial,*

16   §9:187 (1994)). With respect to Plaintiff's pleading burden, the Supreme Court recently held that

17   while a complaint does not need detailed factual allegations, "a plaintiff's obligation to provide

18   the grounds of his entitlement to relief requires more than labels and conclusions, and a

19   formulaic recitation of the elements of a cause of action will not do . . . Factual allegations must

20   be enough to raise a right to relief above the speculative level . . . on the assumption that all the

21   allegations in the complaint are true (even if doubtful in fact) . . . ." *Bell Atlantic Corp. v.*

22   *Twombly*, 127 S. Ct. at 1964-65.

23   Courts have recognized that they are not required to "swallow the plaintiff's invective hook,

24   line, and sinker; bald assertions, unsupportable conclusions, periphrastic circumlocutions, and

25   the like need not be credited." *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir. 1996). Here,

26   Plaintiff's Complaint, which sets forth numerous unrelated claims against a variety of

27   Defendants, should be dismissed because it fails to set forth a plausible claim for relief.

28   / / /

Defs.' Not. Mot. & Mot. Dismiss; Mem. P. & A.                A. Florez v. A. Schwarzenegger, et al.
                                                             C 07-5763 TEH

1    **C.    The Complaint Should Also Be Dismissed Because it Does Not Adhere to FRCP 18.**

2         Federal Rule of Civil Procedure 18(a) provides that "[a] party asserting a claim,

3    counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as

4    many claims it has against an opposing party." In *George v. Smith*, 507 F.3d 605, 607 (7th Cir.

5    2007), the court held that:

> [M]ultiple claims against a single party are fine, but Claim A against Defendant 1 should
> not be joined with unrelated Claim B against Defendant 2. Unrelated claims against
> different defendants belong in different suits, not only to prevent the sort of morass [a
> multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners  pay the
> required filing fees - for the Prison Litigation Reform Act limits to 3 the number of
> frivolous suits or appeals that any prisoner may file without prepayment of the required fees.

10        Plaintiff may not assert unrelated claims involving different defendants in a single action.

11   *Thomas v. Perez*, 2008 U.S. Dist. LEXIS 39356, *4 (E.D. Cal. 2008). Here, Plaintiff's

12   Complaint raises unrelated claims against numerous Defendants. Such a complaint, if allowed to

13   proceed, would enable Plaintiff to avoid paying required filing fees, and to preempt the three

14   strikes rule as set forth in 28 U.S.C. § 1915(g). Therefore, Plaintiff's "mishmash of a complaint"

15   should be dismissed for failure to comply with FRCP 18(a). *See George*, 507 F.3d at 607.

16   **D.    Plaintiff's Complaint is Subject to Dismissal Because it Runs Afoul of FRCP 20.**

17        Rule 20(a) of the Federal Rules of Civil Procedure regarding permissive joinders of

18   defendants allows for such joinder provided that: "any right to relief is asserted against them

19   jointly, severally, or in the alternative with respect to or arising out of the same transaction,

20   occurrence, or series of transactions or occurrences" and "any question of law or fact common to

21   all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2)(A), (B). Rule 20 is designed "to

22   promote judicial economy and reduce inconvenience, delay and added expense." *Coughlin v.*

23   *Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997).

24        In *George v. Smith*, the appellate court noted that a "buckshot complaint that would be

25   rejected if filed by a free person--say, a suit complaining that A defrauded the plaintiff, B

26   defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in

27   different transactions--should be rejected if filed by a prisoner." *George*, 507 F.3d at 607. The

28   *George* court noted that the plaintiff did not make any effort to show that the 24 defendants he

Defs.' Not. Mot. & Mot. Dismiss; Mem. P. & A.                    A. Florez v. A. Schwarzenegger, et al.
                                                                 C 07-5763 TEH

1  named had participated in the same transaction or series of transactions or that a question of fact

2  was "common to all defendants." *Id.*

3      Similarly, in this case, Plaintiff has not alleged that all Defendants participated in the same

4  transaction or series of transactions or that there exists a question of fact that is common to

5  Defendants.  Many of Plaintiff's claims appear to be unrelated because they involve different

6  Defendants and different sets of operative facts.  Accordingly, the Complaint does not comply

7  with the requirements of Rule 20 and is subject to dismissal. *See Clinton*, 2008 U.S. Dist.

8  LEXIS 32210 at *15.

9  **E.    If the Complaint is Not Dismissed, Plaintiff Should be Required to Provide**
   **Defendants With a More Definite Statement.**

10

11      Rule 12(e) of the Federal Rules of Civil Procedure provides that "a party may move for a

12  more definite statement of a pleading to which a responsive pleading is allowed but which is so

13  vague or ambiguous that the party cannot reasonably prepare a response."  Such a motion is

14  proper only where the complaint is so indefinite that the defendant cannot ascertain the nature of

15  the claim being asserted. *Cellars,* 189 F.R.D. at 578.

16      In this case, Plaintiff has filed a lengthy, "shotgun" Complaint against numerous

17  Defendants.  If this Court does not dismiss Plaintiff's Complaint, it should require Plaintiff to

18  provide a more definite statement so that Defendants can formulate a response to the allegations.

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

Defs.' Not. Mot. & Mot. Dismiss; Mem. P. & A.                    A. Florez v. A. Schwarzenegger, et al.
                                                                C 07-5763 TEH

## CONCLUSION

Under the Federal Rules of Civil Procedure, a Complaint can be dismissed for a variety of reasons, including a plaintiff's failure to state a claim upon which relief can be granted, and the failure to set forth a short and plain statement of the claim showing that he is entitled to relief. Plaintiff's sprawling, multi-action Complaint against 38 Defendants provides neither fair notice of Plaintiff's claims nor the grounds upon which they rest.  Accordingly, the Complaint should be dismissed with prejudice because it fails to comply with the Federal Rules of Civil Procedure.

Dated:  June 27, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DAVID S. CHANEY
Chief Assistant Attorney General

FRANCES T. GRUNDER
Senior Assistant Attorney General

JONATHAN L. WOLFF
Supervising Deputy Attorney General


*/s/ Michael J. Quinn*
MICHAEL J. QUINN
Deputy Attorney General
Attorneys for Defendants Morrison, Grannis, Gilmore, Mojica, Bender, Del Villar, Neotti, Hatton, Mantel, Thomas, Moore, Lewis, Jansen, Kessler, Santos, Medina, Galloway, Kuzmicz, Hughes, Clark, Parin, Johnson, Evans, Best, Jones, Lopez, Torrez, Esser, Boucher, Boccella, Variz, Rankin, Williams, Teat and Hogan

Florez Motion to Dismiss.wpd
SF2008401798

Defs.' Not. Mot. & Mot. Dismiss; Mem. P. & A.

A. Florez v. A. Schwarzenegger, et al.
C 07-5763 TEH

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:    **A. Florez v. A. Schwarzenegger, et al.**

No.:    **C 07-5763 TEH**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On June 27, 2008, I served the attached:

- **DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES**

- **[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 1300 I Street, Suite 125, P.O. Box 944255, Sacramento, CA 94244-2550, addressed as follows:

Armand Florez
P. O. Box 2022
North Hills, CA 91343-2022

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on June 27, 2008, at Sacramento, California.

| | |
|---|---|
| S. Burke | */s/ S. Burke* |
| Declarant | Signature |

30493293.wpd