# EXHIBIT B

THOMAS CLINTON, Plaintiff, vs. DIRECTOR OF CORRECTIONS, et al., Defendants.

Case No. CV 06-5255-DOC (OP)

UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA

2008 U.S. Dist. LEXIS 32210

April 18, 2008, Decided
April 18, 2008, Filed

**COUNSEL:** [*1] Thomas Clinton, Plaintiff, Pro se, Van Buren, AR.

For Arbini, Correctional Counselor I, Defendant: Jill Alicia Vander Borght, LEAD ATTORNEY, California Department of Justice, Los Angeles, CA.

For G Barter, Correctional Lieutenant, R Delacruz, Correctional Counselor I, D Engler, Correctional Counselor II, Geovenetti, Correctional Sergeant, N Grannis, Chief Inmate Appeals, Greenman, Doctor, Jaramillo, Credit Specialist, S O Kephart, Associate Warden, Luke, Doctor, John Marshall, Warden, K Prosper, Warden, Arnold Schwartzenegger, Governor, C M Terle, Associate Warden, Tilton, Director of Corrections, N S Tripp, Correctional Counselor II, F Uriaz, Correctional Counselor, Defendants: Jill Alicia Vander Borght, LEAD ATTORNEY, CAAG - California Department of Justice, Los Angeles, CA.

**JUDGES:** HONORABLE OSWALD PARADA, United States Magistrate Judge.

**OPINION BY:** OSWALD PARADA

**OPINION**

MEMORANDUM AND ORDER DISMISSING THIRD AMENDED COMPLAINT WITH LEAVE TO AMEND

I.

*PROCEEDINGS*

On August 21, 2006, Plaintiff lodged for filing a *pro se* Civil Rights Complaint pursuant to *42 U.S.C. § 1983*. Before the Court could screen the Complaint, on December 8, 2006, Plaintiff lodged for filing a First Amended Complaint ("FAC") pursuant to *42 U.S.C. § 1983*. [*2] [1] On January 17, 2007, the Court granted Plaintiff leave to proceed *in forma pauperis* and ordered the Complaint filed. On March 16, 2007, the Court ordered the FAC filed. On March 22, 2007, the Court dismissed the FAC with leave to amend.

> 1 At the time the Complaint was lodged for filing, Plaintiff was incarcerated at the California Men's Colony in San Luis Obispo, California. On December 11, 2006, Plaintiff informed the Court that he had been released from custody and provided the Court with his new address in Van Buren, Arkansas.

On April 9, 2007, Plaintiff filed a *pro se* Second Amended Complaint pursuant to *42 U.S.C. § 1983* ("SAC"). On April 20, 2007, the Court dismissed the SAC with leave to amend.

On May 7, 2007, Plaintiff filed a *pro se* Third Amended Complaint pursuant to *42 U.S.C. § 1983* ("TAC"). On December 11, 2007, Defendants De la Cruz, Engler, Marshall, Arbini, Jaramillo, Kephart, Tilton, Terle, Greenman, Prosper, Grannis, Uriaz, Tripp, Geovenetti, Luke, and Schwarzenegger filed a Motion to Dismiss the TAC and Motion to Strike the TAC. On January 3, 2008, Plaintiff filed a "Response to Defendants' Memorandum of Points and Authorities" in support of Defendants' Motion to Dismiss [*3] the TAC ("Opposition"). On March 27, 2008, Defendant Barter filed a Joinder in Defendants' Motion to Dismiss the TAC. Defendants did not file a Reply to Plaintiff's Opposition.

II.

*PLAINTIFF'S ALLEGATIONS*

Plaintiff alleges in the TAC that while he was incarcerated at the California Men's Colony, San Luis Obispo, and the California Correctional Center in Susanville, Defendants Barter, De la Cruz, Engler, Marshall, Arbini, Jaramillo, Kephart, Tilton, Terle, Greenman, Prosper, Grannis, Uriaz, Tripp, Geovenetti, Luke, and Schwarzenegger violated his *First, Eighth*, and *Fourteenth Amendment* rights. Plaintiff also alleges that he was illegally detained beyond his release date, was discriminated against as a result of his sexual orientation, was unable to properly process his administrative appeals due to deficiencies in the appeals process, developed skin cancer because he was not provided ultra violent ray protection in the form of sunscreen or shade, and was not provided safe community re-entry upon his release from custody which resulting in his victimization on skid row. All Defendants are sued in their individual capacities only. Plaintiff seeks relief in the form of monetary damages as [*4] well as declaratory and injunctive relief. (TAC at 3-4, 6.)

The following is a summary of the allegations as they relate to each Defendant:

**1) *Governor Arnold Schwarzenegger:*** Plaintiff alleges that Defendant Schwarzenegger has failed to address systemic deficiencies in the California State prison system. (TAC at 3a.) Plaintiff further alleges that Schwarzenegger failed to follow up in the implementation of policies to prevent sexual abuse of vulnerable inmates; allowed the prison to pass policies that adversely affect prisoner's custody credits in order to build unnecessary prisons; failed to appoint an independent reviewer to review prisoners' custody credits causing Plaintiff to remain in custody for an additional 732 days during which time he was raped; allowed the adverse implementation of the administrative grievance process; and failed to make efforts to provide prisoners with safe community re-entry. (*Id.* at 7, 8.)

**2) *Correctional Counselor De La Cruz:*** Plaintiff alleges that Defendant De La Cruz denied him 732 days of custody credits and released him into a hostile "skid row" environment where Plaintiff was victimized and robbed in August of 2006. (TAC at 3a, 9-11.)

**3) *Correctional* [*5] *Counselor Engler:*** Plaintiff alleges that Defendant Engler discriminated against Plaintiff and exhibited deliberate indifference to him, failing to assist him with his community re-entry, and failing to process numerous institutional appeals submitted by Plaintiff thereby denying him of 732 days of custody credits. (TAC at 14-19.)

**4) *Correctional Counselor Arbini:*** Plaintiff alleges that Defendant Arbini was responsible for the accuracy of Plaintiff's custody credits and failed to adequately review Plaintiff's case file. As a result, Plaintiff was denied 732 days of custody credits during which time he was illegally detained, sexually abused, and developed skin cancer. (TAC at 28-29.)

**5) *Warden Prosper:*** Plaintiff alleges that Defendant Prosper did not inform Plaintiff or prison officials of the June 2006 amended abstract of judgment adding 732 days of custody credits in Plaintiff's case and did not plan for Plaintiff's timely release from custody. Prosper is also allegedly responsible for three custody credit miscalculations while Plaintiff was in her custody. (TAC at 23-24.)

**6) *Correctional Lieutenant Barter:*** Plaintiff alleges that Defendant Barter deliberately "had the trees butchered" [*6] at the California Men's Colony leaving no shade for prisoners. Barter exhibited deliberate indifference when he allegedly stated to Plaintiff that he did not care if Plaintiff got cancer. Barter's actions forced Plaintiff to remain in direct sunlight resulting in his developing skin cancer. (TAC at 26-28.)

**7) *Warden Marshall:*** Plaintiff alleges that Defendant Marshall was aware of Defendant Barter's deliberate indifference to prisoners who were susceptible to skin cancer and refused to intervene. Marshall endorsed a practice of having light-skinned individuals go indoors to escape sun exposure, thereby discriminating against light skinned inmates like Plaintiff. Further, Marshall did not perform an independent review of Plaintiff's credit computation. Finally, Marshall allows staff to violate prisoners' right of access to the courts. (TAC at 20-22.)

**8) *Doctor Luke:*** Plaintiff alleges Defendant Luke did not provide Plaintiff

with sunscreen after he complained that his face felt funny and after "Plaintiff's skin began to painfully peel off, his lips turned purple, and his ears, nose, and lips burst open with bleeding lesions." Plaintiff later developed a pre-cancerous spot on his face due [*7] to Defendant Luke's deliberate indifference. (TAC at 25-26.)

**9)** ***Chief Medical Officer Greenman:*** Plaintiff alleges that Defendant Greenman, Defendant Luke's supervisor, was deliberately indifferent to Plaintiff by endorsing Defendant Luke's medical treatment of Plaintiff as well as policy whereby staff did not provide sunscreen to fair skinned inmates. (TAC at 29-30.)

**10)** ***Credit Specialist Jaramillo:*** Plaintiff alleges that Defendant Jaramillo conducted a custody credit calculation hearing on December 22, 2005, and deliberately did not provide Plaintiff with 732 days of custody credits to which he was entitled. As a result, Plaintiff was denied 732 days of custody credits during which time he was illegally detained, sexually abused, and developed skin cancer. (TAC at 30.)

**11)** ***Associate Warden Kephart:*** Plaintiff alleges that Defendant Kephart erroneously denied there were any computation errors and suggested that Plaintiff's release date was correct. As a result, Plaintiff was denied 732 days of custody credits during which time he was illegally detained, sexually abused, and developed skin cancer. (TAC at 31.)

**12)** ***Warden Terle:*** Plaintiff alleges that Defendant Terle erroneously denied there [*8] were any computation errors and suggested that Plaintiff's release date was correct. As a result, Plaintiff was denied 732 days of custody credits during which time he was illegally detained, sexually abused, and developed skin cancer. (TAC at 32.)

**13)** ***Correctional Counselor Tripp:*** Plaintiff alleges that Defendant Tripp deliberately miscalculated Plaintiff's custody credits on February 15, 2005, in response to Plaintiff's first level administrative appeal. As a result, Plaintiff was denied 732 days of custody credits during which time he was illegally detained, sexually abused, and developed skin cancer. (TAC at 33.)

**14)** ***Correctional Counselor Uriaz:*** Plaintiff alleges that Defendant Uriaz deliberately miscalculated Plaintiff's custody credits on initial review when Plaintiff was housed at the North Kern Reception Center. As a result, Plaintiff was denied 732 days of custody credits during which time he was illegally detained, sexually abused, and developed skin cancer. (TAC at 33-34.)

**15)** ***Chief of Inmate Appeals Grannis:*** Plaintiff alleges that defects in the appeals system interfered with Plaintiff's administrative remedies. (TAC at 40-41.)

**16)** ***Correctional Sergeant Giovenetti:*** Plaintiff [*9] alleges that Defendant Giovenetti discriminates against homosexual prisoners at California Men's Colony by encouraging hate crimes against them, by referring to them with derogatory language, and by making derogatory statements such as "If I had my way, I would have all [homosexuals] in separate dorms so they would get their asses kicked and would have to roll it up, and go were [sic] their asses belong." Giovenetti banned Plaintiff from the program office and threatened Plaintiff with administrative segregation if he came to the program office or if he filed an administrative appeal. (TAC at 41-43.)

**17)** ***Director of Corrections Tilton:*** Plaintiff alleges that Defendant Tilton contributed to the denial of 732 days of custody credits. As a result, Plaintiff was illegally detained, sexually abused, and developed skin cancer. Tilton also promoted the building of new prisons and the increase of membership in the correctional officers union and interfered with inmates' right to access to courts by not correcting the defects in the administrative appeal system. (TAC at 44-45.)

Defendants move to dismiss the TAC on the following grounds: 1) the TAC is redundant, immaterial, and fails to comply [*10] with the Federal Rules of Civil Procedure;

2) the TAC fails to assert facts to support a denial of access to courts claim; 3) the TAC fails to state a cognizable *Fourteenth Amendment* due process claim for the miscalculation of Plaintiff's custody credits; 4) the TAC fails to allege facts to support an *Eighth Amendment* deliberate indifference claim; 5) the TAC fails to state a claim for the denial of Plaintiff's administrative appeals; 6) the TAC fails to allege facts that establish causation or injury as to several Defendants; 7) the TAC fails to state a claim for *respondeat superior* liability; 8) the TAC fails to state an Equal Protection claim; 9) the TAC fails to state a claim based on verbal harassment; and 10) Defendants are entitled to qualified immunity. (Mot. to Dismiss at 8.)

## III.

### STANDARD OF REVIEW

A *Rule 12(b)(6)* motion to dismiss tests the formal sufficiency of a statement of claim for relief. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)*. A plaintiff's [*11] allegations of material fact must be taken as true and construed in the light most favorable to the plaintiff. *See Love v. U.S., 915 F.2d 1242, 1245 (9th Cir. 1989)*. Since Plaintiff is appearing *pro se,* the Court must construe the allegations of the complaint liberally and must afford Plaintiff the benefit of any doubt. *See Karim-Panahi v. L.A. Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988)*.

With respect to Plaintiff's pleading burden, the Supreme Court recently held that while a complaint does not need detailed factual allegations, "a plaintiff's obligation to provide the "grounds" of his "entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . . .." *Bell Atlantic Corp. v. Twombly, 550 U.S.    , 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007)* (citations and footnote omitted), *abrogating Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)* (dismissal under *Rule 12(b)(6)* is appropriate [*12] "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.") The *Bell Atlantic* Court further explained in a footnote:

> While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant "set out in detail the facts upon which he bases his claim," *Rule 8(a)(2)* still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.

*Id. at 1965 n.3* (citations omitted).

## IV.

### DISCUSSION

**A. The Third Amended Complaint Is Subject to Dismissal for Failure to Comply with the Federal Rules of Civil Procedure.**

#### 1. *Fed. R. Civ. P. 8.*

*Rule 8* of the Federal Rules of Civil Procedure provides that: "[a] pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief,. . ." *Fed. R. Civ. P. 8(a)*. *Rule 8* [*13] further provides that: "[e]ach averment of a pleading shall be simple, concise, and direct. . ." *Fed. R. Civ. P. 8(e)(1)*. A district court has the power to dismiss a complaint when a plaintiff fails to comply with the Federal Rules of Civil Procedure, including *Rule 8(a)(2)*'s "short and plain statement" requirement. *See Vakalis v. Shawmut Corp., 925 F.2d 34, 36 (1st Cir. 1991); Mangan v. Weinberger, 848 F.2d 909, 911 (8th Cir. 1988)*.

In the TAC, which is approximately fifty pages in length, Plaintiff alleges civil rights violations stemming from a prison rape, prolonged detention due to custody credit miscalculation, failure to provide adequate sun protection resulting in skin cancer, verbal harassment by prison staff, failure to protect his safety upon release on parole, and failure to adequately respond to and process administrative appeals. The TAC contains claims against seventeen named Defendants, discussions of prison policies, conspiracy theories about prison population, and numerous reasons for Plaintiff's failure to exhaust his administrative remedies. Based on Plaintiff's extensive narratives, it is difficult to determine what specific claims are being alleged against each [*14] Defendant and what specific facts support each claim. As a result, the TAC fails to comply with the requirements of *Rule 8* and is subject to dismissal.

#### 2. *Fed. R. Civ. P. 18 and 20.*

*Rule 18* of the Federal Rules of Civil Procedure

provides that: "[a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party." *Fed. R. Civ. P. 18(a)*. While multiple claims against a single party may be alleged in a single complaint, unrelated claims against different defendants must be alleged in separate complaints. *See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007)* ("claims against different defendants belong in different suits, not only to prevent the sort of morass that this 50-claim, 24-defendant suit produced but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. *28 U.S.C. § 1915(g)*.") As set forth above, the TAC contains several claims which are unrelated to each other, involve different Defendants, and different sets of [*15] operative facts. Thus, the TAC does not comply with the requirements of *Rule 18* and is subject to dismissal.

*Rule 20 of the Federal Rules of Civil Procedure* regarding permissive joinders of defendants allows for such joinder provided that: "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." *Fed. R. Civ. P. 20(a)(2)(A), (B)*. *Rule 20* is designed "to promote judicial economy, and reduce inconvenience, delay, and added expense." *Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997)* (citation omitted). In the TAC, Plaintiff has not alleged that all Defendants participated in the same transaction or series of transactions or that there exists a question of fact that is common to all Defendants. In fact, several of the claims are unrelated in that they involve different Defendants and different sets of operative facts. Thus, the TAC does not comply with the requirements of *Rule 20* and is subject to dismissal.

**B.** *The Third Amended Complaint Is Subject to Dismissal* [*16] *for Failure to State a Claim for Right of Access to Courts.*

Prisoners have a constitutional right of access to the courts. *See Lewis v. Casey, 518 U.S. 343, 346, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996); Bounds v. Smith, 430 U.S. 817, 821, 97 S. Ct. 1491, 52 L. Ed. 2d 72 (1977); Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995)* (discussing the right in the context of prison grievance procedures). This right "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds, 430 U.S. at 828; see also Madrid v. Gomez, 190 F.3d 990, 995 (9th Cir. 1999); Keenan v. Hall, 83 F.3d 1083, 1093-94 (9th Cir. 1996), amended by 135 F.3d 1318 (9th Cir. 1998)*. The right, however, "guarantees no particular methodology but rather the conferral of a capability--the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts.... [It is this capability] rather than the capability of turning pages in a law library, that is the touchstone" of the right of access to the courts. *Lewis, 518 U.S. at 356-57*. Prison [*17] officials may select the best method to ensure that prisoners will have the capability to file suit. *See id. at 356.*

To establish a violation of the right of access to the courts, a prisoner must establish that he or she has suffered an actual injury. *See Lewis, 518 U.S. at 349; Madrid, 190 F.3d at 996*. An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Lewis, 518 U.S. at 348; see also Madrid, 190 F.3d at 996; Keenan, 83 F.3d at 1094.*

The right of access to the courts is limited to non-frivolous direct criminal appeals, habeas corpus proceedings, and *§ 1983* actions. *See Lewis, 518 U.S. at 353 n.3 & 354-55; Madrid, 190 F.3d at 995.* The right of access to the courts is only a right to bring complaints to the federal court and not a right to discover such claims or to litigate them effectively once filed with a court. *See Lewis, 518 U.S. at 354-55; Madrid, 190 F.3d at 995; Cornett v. Donovan, 51 F.3d 894, 898 (9th Cir. 1995)* ("[W]e conclude the Supreme Court has clearly stated that the constitutional right of access requires a state to provide a law library or legal assistance [*18] only during the pleading stage of a habeas or civil rights action."). The right of access to courts also applies to prison grievance proceedings. *See Bradley, 64 F.3d at 1279* (citations omitted).

Plaintiff claims that the failure to process his administrative appeals denied him access to the courts. However, Plaintiff has not established that he was unable to prepare a non-frivolous petition or complaint or that he presented one that was dismissed with prejudice. Consequently, Plaintiff fails to establish an actual injury resulting from these alleged violations. Thus, the TAC fails to state a claim for denial of access to courts and is subject to dismissal.

**C.** *The Third Amended Complaint Is Subject to Dismissal for Failure to State a Claim Based on the Miscalculation of Custody Credits Against Certain Defendants.*

Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the "legality or duration" of confinement. *Preiser v. Rodriguez, 411 U.S. 475, 484, 93 S.Ct. 1827, 1833, 36 L. Ed. 2d 439 (1973)*. A civil rights action, in contrast, is the proper method of challenging

Case 3:07-cv-05763-TEH    Document 15-3    Filed 06/27/2008    Page 7 of 9

Page 6
2008 U.S. Dist. LEXIS 32210, *

"conditions of ... confinement." *Id. at 498-99*. A state prisoner cannot use a *§ 1983* action to challenge [*19] the fact or duration of his confinement; the proper remedy is habeas corpus. *Wilkinson v. Dotson, 544 U.S. 74, 125 S. Ct. 1242, 1245-48, 161 L. Ed. 2d 253 (2005)* (discussing relationship between *§ 1983* cases and federal habeas). With regard to a prisoner seeking restoration of good-time credits, the sole remedy in federal court is a writ of habeas corpus. *Edwards v. Balisok, 520 U.S. 641, 643-44, 117 S. Ct. 1584, 137 L. Ed. 2d 906 (1997) (citing Preiser, 411 U.S. at 500))*.

In *Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994)*, the Supreme Court held that, "in order to recover damages for an allegedly unlawful conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a *§ 1983* plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Under *Heck*, if a judgment in favor of a plaintiff on his civil rights damages claims necessarily will imply the invalidity of his conviction [*20] or sentence, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *See Heck, 512 U.S. at 487*.

Defendants contend that Plaintiff is currently litigating a habeas corpus petition in this District which must be resolved before he can raise this claim in a *§ 1983* action. [2] (Mot. to Dismiss at 13.) While the FAP raises the issue of the miscalculation of custody credits, it does so in the context of an ineffective assistance of counsel claim. (FAP at 3-4.) Plaintiff does not seek the restoration of his good time credits. Rather, he seeks to invalidate the conviction on other grounds. Additionally, since the superior court subsequently awarded Plaintiff an additional 732 days of custody credits, his extended imprisonment has, in essence, been declared invalid by the appropriate state tribunal. Thus, Plaintiff is not required to seek relief by way of a habeas corpus proceeding.

2   On July 9, 2007, Plaintiff filed a First Amended Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to *28 U.S.C. § 2254* in this District ("FAP"). The case is entitled *Thomas Clinton v. K. Prosper*, CV 07-2516-DOC (OP). In [*21] the FAP, Plaintiff challenges the conviction that led to his incarceration that is the subject of the TAC. In the FAP, Plaintiff raises the following claims: 1) ineffective assistance of counsel for failing to request a competency hearing; 2) incompetence at the time of the entry of his guilty/no contest plea; and 3) ineffective assistance of counsel for failing to discover the miscalculation of 732 days of custody credit; and 4) a due process violation. (FAP at 3-4.) The Court takes judicial notice of its own records.

However, in order to proceed by way of a *§ 1983* action, Plaintiff must still be able to state a valid constitutional claim for the denial of his custody credits which he claims resulted in his prolonged detention, his rape, and his over exposure to the sun resulting skin cancer. The Court believes that Plaintiff may be able to state an *Eighth Amendment* claim with respect to his prolonged detention only.

Detention beyond the termination of a sentence could constitute cruel and unusual punishment if it is the result of "deliberate indifference" to the prisoner's liberty interest. *Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985) (citing Estelle v. Gamble, 429 U.S. 97, 104-06, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976))*. [*22] Otherwise, such detention can be held to be unconstitutional only if it violates due process. *Id. (citing Bell v. Wolfish, 441 U.S. 520, 535 n.16, 99 S. Ct. 1861, 60 L. Ed. 2d 447 (1979))*. Plaintiff alleges that Defendants Scharzenegger, De La Cruz, Engler, Arbini, Prosper, Jaramillo, Kephart, Terle, Tripp, Uriaz, and Tilton all played a part in the miscalculation of his custody credits. However, Plaintiff only alleges deliberate conduct or "deliberate indifference" on the part of Defendants Jaramillo, Tripp, and Uriaz. The allegations against these three Defendants only support a claim for denial of his custody credits resulting in his prolonged detention. They do not support a claim that his prolonged detention resulted in his rape or his over exposure to the sun resulting in skin cancer. Additionally, none of the allegations are sufficient to state a due process claim as to any Defendant. Accordingly, the TAC fails to state a Due Process claim as to all Defendants and fails to state an *Eighth Amendment* claim against Defendants Schwarzenegger, De La Cruz, Engler, Arbini, Prosper, Kephart, Terle, and Tilton. Thus, the TAC is subject to dismissal.

### D. The Third Amended Complaint Is Subject [*23] to Dismissal for Failure to State a Due Process Claim Based on the Denial of Administrative Appeals.

The *Due Process clause* allows for a prisoner to challenge a state disciplinary action which deprives or restrains a state-created liberty interest in some "unexpected manner." *Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Sandin v. Conner, 515 U.S. 472, 483-84, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995))*. A claimed loss of a liberty interest in the processing of administrative appeals does not satisfy this standard, because inmates lack a separate constitutional entitlement to a specific prison grievance procedure. *Ramirez, 334*

*F.3d at 860 (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988): see also Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001)* ("The courts of appeals that have confronted the issue are in agreement that the existence of a prison grievance procedure confers no liberty interest on a prisoner."); *Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994); Buckley v. Barlow, 997 F.2d 494 (8th Cir. 1993)*.

Plaintiff alleges that Defendants Schwarzenegger, Tilton, Grannis, and Engler violated his constitutional rights by preventing him from processing several administrative [*24] grievances and are responsible for a flawed appeals system. However, as set forth above, Plaintiff has no federal constitutional right to a specific grievance procedure. Thus, the TAC fails to state a Due Process claim based on the denial of administrative appeals and is subject to dismissal.

### E. The Third Amended Complaint Is Subject to Dismissal for Failure to State an Eighth Amendment Claim on the Basis of Deliberate Indifference to his Serious Medical Needs or to his Safety.

The *Eighth Amendment* imposes duties on prison officials to provide humane conditions of confinement by ensuring that inmates receive adequate food, clothing, shelter, and medical care, and must "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan, 511 U.S. 825, 832, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994) (citing Hudson v. Palmer, 468 U.S. 517, 526-527, 104 S. Ct. 3194, 82 L. Ed. 2d 393 (1984))*.

To establish an *Eighth Amendment* claim that prison authorities provided inadequate medical care, Plaintiff must show that defendants were deliberately indifferent to his serious medical needs. *Helling v. McKinney. 509 U.S. 25, 32, 113 S. Ct. 2475, 125 L. Ed. 2d 22 (1993); Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed 2d 251 (1976);* [*25] *McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Technologies, Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997)*. Deliberate indifference may be manifest by the intentional denial, delay, or interference with a plaintiff's medical care, or by the manner in which the medical care was provided. *See Estelle, 429 U.S. at 104-05; McGuckin, 974 F.2d at 1059.*

Furthermore, the defendant must purposefully ignore or fail to respond to a plaintiff's pain or medical needs. *McGuckin, 974 F.2d at 1060.* A plaintiff must allege that, subjectively, the defendant had a "sufficiently culpable state of mind" when medical care was refused or delayed. *Clement v. Gomez, 298 F.3d 898, 904 (9th Cir. 2002) (citing Wallis v. Baldwin, 70 F.3d 1074, 1076 (9th Cir. 1995)).* A defendant must "both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer, 511 U.S. at 837.* Thus, an inadvertent failure to provide adequate medical care, mere negligence or medical malpractice, a mere delay in medical care (without more), or a difference of opinion over proper medical treatment, are all [*26] insufficient to constitute an *Eighth Amendment* violation. *See Estelle, 429 U.S. at 105-07; Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Shapley v. Nev. Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).* Prison officials violate their obligation by intentionally delaying access to medical care. *Clement, 298 F.3d at 905 (quoting Estelle, 429 U.S. at 104-05).*

In order to state an *Eighth Amendment* claim for failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Farmer, 511 U.S. at 834 (citing Helling, 509 U.S. at 35).* Also, the required state of mind is also one of "deliberate indifference" to inmate health or safety. *Farmer, 511 U.S. at 834.* This requirement is satisfied by showing that "the official knew of and disregarded a substantial risk of serious harm to [the prisoner's] health or safety." *Johnson v. Meltzer, 134 F.3d 1393, 1398 (9th Cir. 1998) (citing Farmer, 511 U.S. at 837).*

Plaintiff alleges that Defendant Luke was deliberately indifferent to his serious medical needs when he failed to provide sunscreen to Plaintiff, and Defendant Greenman was deliberately indifferent to his medical [*27] needs as Luke's supervisor and in upholding Luke's treatment of Plaintiff. This failure caused Plaintiff to be over exposed to sunlight and develop skin cancer.

Plaintiff further alleges that Defendant Barter was deliberately indifferent to his serious medical needs when he had the trees cut down which eliminated shade in the prison yard. Barter's actions also allegedly caused Plaintiff to be over exposed to sunlight and develop skin cancer. Plaintiff alleges that Defendant Marshall was aware of Barter's actions and refused to intervene.

Finally, Plaintiff alleges that Defendants De La Cruz and Engler were deliberately indifferent to his safety when they released him on skid row upon his reentry to the community. This resulted in Plaintiff being robbed and further victimized upon his release from custody.

These facts do not appear to establish a deliberate indifference to his serious medical needs as to Defendants Greenman, Barter, or Marshall. These facts may, however, be sufficient to establish deliberate indifference to Plaintiff's medical needs as to Defendant Luke. These facts may also be sufficient to establish deliberate indifference to Plaintiff's safety as to Defendants De La [*28] Cruz and Engler. Accordingly, it appears that the TAC fails to state an *Eighth Amendment* deliberate indifference claim as to Defendants Greenman, Barter, and Marshall. Thus, the

Case 3:07-cv-05763-TEH    Document 15-3    Filed 06/27/2008    Page 9 of 9

Page 8

2008 U.S. Dist. LEXIS 32210, *

TAC is subject to dismissal.

### F. The Third Amended Complaint Is Subject to Dismissal for Lack of Causation to a Specific Injury.

A person subjects another to the deprivation of a constitutional right, within the meaning of *§ 1983*, if that person does an affirmative act, participates in another's Amendment, a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class. *Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998)* (citing *Washington v. Davis, 426 U.S. 229, 239-40, 96 S. Ct. 2040, 48 L. Ed. 2d 597 (1976)).*

Although Plaintiff alleges discrimination against him based on his sexual orientation, he has not shown that homosexuals constitute a "protected class" under the United States Constitution. Thus, the TAC fails to state an Equal Protection claim and is subject to dismissal.

### I. The Third Amended Complaint Is Subject to Dismissal for Failure to State a Claim Based on Verbal Harassment.

Verbal harassment or abuse [*29] alone is not sufficient to state a constitutional deprivation under *42 U.S.C. § 1983*. *Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987)* (citation omitted). However, verbal harassment intended to humiliate or endanger an inmate may violate the Constitution. *See Somers v. Thurman, 109 F.3d 614, 622 n.5 (9th Cir. 1997)* (the purposeful subjection of prisoners to verbal assaults during strip searches performed by officials of the other sex serves no administrative purpose and might present a question under the *Fourth Amendment*); *Keenan, 83 F.3d at 1092* (no evidence presented that "disrespectful and assaultive comments" were unusually gross even for a prison setting and were calculated to and did cause psychological damage); *Morgan v. Ward, 699 F. Supp. 1025, 1055 (N.D.N.Y. 1988)* (recognizing that racial insults do not deprive prisoners of the "minimal civilized measure of life's necessities," and thus do not constitute an *Eighth Amendment* violation).

Plaintiff alleges that Defendant Giovenetti's derogatory language regarding homosexuals constituted verbal abuse. However, these allegations alone are insufficient to state a claim for verbal harassment. Thus, the TAC fails to state [*30] a claim based on verbal harassment and is subject to dismissal.

### V.

### ORDER

Based on the foregoing, the Court grants Defendants' Motion to Dismiss pursuant to *Fed. R. Civ. P. 12(b)(6)* and hereby dismisses the TAC with leave to amend. [3] *See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987)* (holding that a *pro se* litigant must be given leave to amend his complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment).

> 3  In light of the order dismissing the TAC with leave to amend, the Court declines to address the issue of qualified immunity.

If Plaintiff still wishes to pursue this action, he shall have thirty (30) days from the date of this Order within which to file a Fourth Amended Complaint, attempting to cure the defects in the Third Amended Complaint. The Fourth Amended Complaint shall be complete in itself and must remedy the deficiencies discussed including compliance with *Federal Rules of Civil Procedure 8, 18, and 20*. Plaintiff may not use "et al." in the caption but must name each Defendant against whom claims are stated. Furthermore, Plaintiff must use the blank Central District Civil Rights Complaint form accompanying this order, must [*31] sign and date the form, must completely and accurately fill out the form, and must use the space provided in the form to set forth all of the claims that he wishes to assert in his Fourth Amended Complaint. The Clerk is directed to provide Plaintiff with a blank Central District Civil Rights Complaint form. The Fourth Amended Complaint shall not refer to the previously dismissed Complaints.

Failure to comply with these requirements may result in the dismissal of this action for failure to prosecute and/or failure to comply with a court order. Failure to remedy the deficiencies discussed may also result in a recommendation that the action be dismissed.

**IT IS SO ORDERED.**

DATED: April 18 2008

/s/ Oswald Parada

HONORABLE OSWALD PARADA

United States Magistrate Judge