# EXHIBIT C

2008 U.S. Dist. LEXIS 39356, *

LEXSEE 2008 U.S. DIST. LEXIS 39356 (E.D. CAL. 2008)

**RAYSHON THOMAS, Plaintiff, v. LT. PEREZ, et al., Defendants.**

CASE NO. 1:07-cv-01185-AWI-DLB PC

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA

2008 U.S. Dist. LEXIS 39356

April 30, 2008, Decided
May 1, 2008, Filed

**COUNSEL:** [*1] Rayshon Thomas, Plaintiff, Pro se, Madera, CA.

**JUDGES:** Dennis L. Beck, UNITED STATES MAGISTRATE JUDGE.

**OPINION BY:** Dennis L. Beck

**OPINION**

ORDER DISMISSING COMPLAINT, WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN THIRTY DAYS

(Doc. 1)

*Screening Order*

**I. Screening Requirement**

Plaintiff Rayshon Thomas ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to *42 U.S.C. § 1983*. Plaintiff filed this action on August 13, 2007.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. *28 U.S.C. § 1915A(a)*. The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *28 U.S.C. § 1915A(b)(1),(2)*. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." *28 U.S.C. § 1915(e)(2)(B)(ii)*.

"*Rule 8(a)*'s [*2] simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to *section 1983* actions. *Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002)*; *Fed. R. Civ. P. 8(a)*. Pursuant to *Rule 8(a)*, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." *Fed. R. Civ. P. 8(a)*. "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz, 534 U.S. at 512*. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." *Neitzke v. Williams, 490 U.S. 319, 330 n.9, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989)*. "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Bruns v. NCUA, 122 F.3d 1251, 1257 (9th Cir. 1997)* (quoting *Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)*).

**II. Summary of Plaintiff's Complaint**

A. *Failure to Comply with Rule 18(a)*

Plaintiff is currently housed at the Madera County Department of Corrections. Plaintiff names 25 defendants in this action. Plaintiff's complaint contains different [*3] causes of actions arising from unrelated events involving different defendants. For example, plaintiff's first claim contains allegations of harassment and discrimination as against defendants Robert Chimnkey, Lieutenant Perez, Correctional Officer Hernandez, and Correctional Officer McIntire. By contrast, plaintiff's twelfth claim contains allegations against defendant Judge John Degroot for causing plaintiff mental and emotional harm, in violation of the *First, Fifth, Sixth, Eighth* and *Fourteenth* Amendments.

*Federal Rules of Civil Procedure 18(a)* provides that "'[a] party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join,

either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.". In *George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007)*, the court held:

> [M]ultiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit [*4] produce[s], but also to ensure that prisoners pay the required filing fees - for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. *28 U.S.C. § 1915(g)*.

Plaintiff may not make unrelated claims involving different defendants in a single action. To do so would allow plaintiff to avoid paying the required filing fees, and would enable plaintiff to preempt the three strikes rule as set in *28 U.S.C. § 1915(g)*. Therefore, plaintiff's complaint is dismissed for failure to comply with *FRCP 18(a)*. Plaintiff shall be required to file an amended complaint that complies with *Rule 18(a)*.

B. *Applicable Legal Standards*

It appears that the bulk of plaintiff's complaint concerns the conditions of his confinement, particularly with respect to the quality of food served at Madera County Department of Corrections. In the paragraphs that follow, the Court will provide plaintiff with the legal standards that appear to apply to his conditions of confinement claim. Plaintiff should carefully review the standard and amend only those claims that he believes, in good faith, are cognizable, and are directly related [*5] to the incident giving rise to the action.

i) *Section 1983 Linkage Requirement*

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

*42 U.S.C. § 1983*. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." *Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997)* (internal quotations omitted). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." *Id.*

*Section 1983* plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. *See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978)*; *Rizzo v. Goode, 423 U.S. 362, 96 S. Ct. 598, 46 L. Ed. 2d 561 (1976)*. "A person deprives another [*6] of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" *Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007)* (quoting *Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)*). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" *Id.* (quoting *Johnson at 743-44*).

ii) *Conditions of Confinement*

To constitute cruel and unusual punishment in violation of the *Eighth Amendment*, prison conditions must involve "the wanton and unnecessary infliction of pain . . . ." *Rhodes v. Chapman, 452 U.S. 337, 347, 101 S. Ct. 2392, 69 L. Ed. 2d 59 (1981)*. Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. *Id.*; *Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986)*; *Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982)*. [*7] Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." *Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998)*.

The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." *Farmer v. Brennan, 511 U.S. 825, 834, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994)* (citing *Wilson v. Seiter, 501 U.S. 294, 298, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991)*). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety

. . . ." *Farmer, 511 U.S. at 837*. Thus, a prison official may be held liable under the *Eighth Amendment* for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it. *Id. at 837-45*. Prison officials may avoid liability by presenting evidence that they lacked knowledge of the risk, or by presenting evidence of a reasonable, albeit unsuccessful, response to the risk. *Id. at 844-45*. Mere negligence on the part of the prison official is not sufficient [*8] to establish liability, but rather, the official's conduct must have been wanton. *Id. at 835; Frost, 152 F.3d at 1128*.

"What is necessary to show sufficient harm for purposes of the *Cruel and Unusual Punishment Clause* depends upon the claim at issue . . . ." *Hudson v. McMillian, 503 U.S. 1, 8, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992)*. "The objective component of an *Eighth Amendment* claim is . . . contextual and responsive to contemporary standards of decency." *Id. at 8* (quotations and citations omitted). "[E]xtreme deprivations are required to make out a[n] [*Eighth Amendment*] conditions-of-confinement claim." *Id. at 9* (citation omitted). With respect to this type of claim, "[b]ecause routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an *Eighth Amendment* violation." *Id.* (quotations and citations omitted).

### III. Plaintiff's Motion for Prospective Injunctive Relief

In conjunction with plaintiff's complaint, plaintiff has filed a motion requesting prospective injunctive relief. Plaintiff states that he is in imminent danger due to the diet provided, [*9] which plaintiff asserts makes the prison "unliveable". (Doc. 1, Complaint, p. 13).

*18 U.S.C. § 3626(a)(1)(A)* provides in relevant part, "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. *City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665, 75 L. Ed. 2d 675 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58, 70 L. Ed. 2d 700 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006)*. If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. *Id.*

In the present case, the court will [*10] dismiss plaintiff's complaint, with leave to amend, for failure to comply with *FRCP 18(a)*. Thus, at this point in time, there is no case or controversy before the court, and the court has no jurisdiction to hear plaintiff's motion for prospective injunctive relief. Until and unless the court finds that plaintiff has stated cognizable claims for relief under *section 1983* and the defendants against whom the claims are stated have been served and made an appearance in this action, the court will not have jurisdiction to issue any orders awarding the relief plaintiff seeks.

### IV. Conclusion

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

    1. Plaintiff's complaint is dismissed, with leave to amend, for failure to comply with *Rule 18(a)*;

    2. The Clerk's Office shall send Plaintiff a complaint form;

    3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;

    4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint;

    5. If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, [*11] with prejudice, for failure to comply with *Rule 18(a)*; and

    6. Plaintiff's request for prospective injunctive relief is DENIED.

IT IS SO ORDERED.

**Dated: April 30, 2008**

/s/ **Dennis L. Beck**

UNITED STATES MAGISTRATE JUDGE