IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ARMAND FLOREZ,                                    No. C-07-5763 TEH (PR)

        Plaintiff,

        v.                                          ORDER OF DISMISSAL

ARNOLD SCHWARZENEGGER, et. al.,

        Defendants.
                                        /

        Plaintiff Armand Florez, a parolee from Salinas Valley State Prison ("SVSP"), filed this civil rights complaint under 42 U.S.C. section 1983 regarding the conditions of his confinement while incarcerated at that facility.  Specifically, Plaintiff alleged various acts by numerous prison officials violated his constitutional rights, including his: 1) First Amendment right to freedom of speech and religion; 2) Sixth Amendment right to legal counsel; 3) Eighth Amendment right against cruel and unusual punishment; and 4) Fourteenth Amendment right to due process and equal protections.  Doc. #1 at 20.  Plaintiff further alleged that prison officials violated his rights under the Civil Rights of

1  Institutional Person Act, 42 U.S.C. section 1997, and the Religious
2  Land Use and Institutionalized Persons Act of 2000,
3  ("R.L.U.I.P.A."), 42 U.S.C. section 2000cc.  Id.
4         The court found that Plaintiff's allegations, liberally
5  construed, appeared to state cognizable section 1983 claims, and
6  ordered the United States Marshal to serve Defendants.  Doc. #11.
7         Defendants filed a Motion to Dismiss, claiming Plaintiff's
8  complaint was procedurally defective under the following:  1) Rule
9  8(a) of the Federal Rules of Civil Procedure on the ground that
10 Plaintiff failed to set forth a short and plain statement of the
11 claiming showing that he is entitled to relief; 2) Rule 12(b)(6) on
12 the ground that Plaintiff failed to state a claim upon which relief
13 may be granted; 3) Rule 18(a) on the ground that Plaintiff
14 improperly asserted unrelated claims against different Defendants;
15 and 4) Rule 20(a) on the ground that Plaintiff failed to allege that
16 Defendants participated in the same transaction or series of
17 transactions or to allege that there is a question of fact that is
18 common to all Defendants.  Doc. #14 at 1-2.
19        The Court granted Defendants' Motion to Dismiss because
20 due to the way in which the 52-page Complaint was written, it was
21 impossible to determine precisely what wrongful conduct Plaintiff
22 was alleging, as mandated by Rules 8(a) and 12(b)(6), and by whom
23 that wrongful conduct was committed, as required by Rules 18(a) and
24 20(a).  Doc. #66.  Plaintiff was directed to file a First Amended
25 Complaint by no later than March 30, 2009.  Id.
26        On April 15, 2009, and again on June 17, 2009, this Court

**2**

granted Plaintiff's requests for an extension of time to file a First Amended Complaint.  Doc. ## 68 & 70.  In its June 17 Order, Plaintiff was advised that absent good cause shown, no further extensions of time would be granted, and that failure to file a proper amended complaint by no later than June 26, 2009 would result in dismissal of the action.  Doc. #70.

To date, Plaintiff has failed either to file an amended complaint or seek an extension of time to do so.  Accordingly, the action is DISMISSED without prejudice.

The clerk shall close the file and terminate all pending motions as moot.

IT IS SO ORDERED.

DATED   07/15/09

THELTON E. HENDERSON
United States District Judge

G:\PRO-SE\TEH\CR.07\Florez-07-5763-order of dismissal-ftp.wpd

3